Samuel J. Harris v. Commissioner.
Harris v. Commissioner
Docket No. 332.
United States Tax Court
1943 Tax Ct. Memo LEXIS 241; 2 T.C.M. (CCH) 308; T.C.M. (RIA) 43300; June 21, 1943
*241 Shares of stock in two corporations held upon the record to have become worthless prior to the tax year 1940. Samuel J. Harris, 198 Woodbridge Ave., Buffalo, N. Y. pro se. Francis S. Gettle, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding was instituted to test the correctness of respondent's determination of a deficiency in income tax for the calendar year 1940 in the amount of $409.95. The respondent has determined that certain shares of stock owned by petitioner in the Commercial Trust Company and Commercial Share Corporation became worthless prior to the year 1940 and, consequently, denied petitioner's claimed loss on these shares for the taxable year. Findings of Fact During the taxable year petitioner resided in Buffalo, New York, and filed his income tax return with the Collector of Internal Revenue at Buffalo. Petitioner purchased, in 1938, 30 shares of stock of the Commercial Trust Company of Buffalo, New York at $70 a share, making a total cost of $2,100. In 1929, he purchased 190 shares of stock of the Commercial Share Corporation of Buffalo at a total cost of $2,100. The Commercial Trust Company suffered heavy *242 losses as a result of the depression. The New York State Banking Department examined its affairs, determined that its capital was impaired and directed that steps be taken to remedy this condition. Being unable to comply with this direction the Commercial Trust Company, at the instance of the New York State Banking Department, took steps to liquidate its business. To that end, on January 22, 1931, it entered into an agreement with the Marine Trust Company of Buffalo, which agreement provided for the transfer to Marine Trust Company of the assets of Commercial Trust Company under the following terms and conditions: THIRD: In consideration of the foregoing sale and conveyance, the Purchaser [Marine Trust Company] covenants and agrees as follows: a. To assume and pay in full the entire deposit liability of the Seller [Commercial Trust Company]. b. To liquidate and wind up the business and affairs of Seller in such manner and by such means as in its judgment and discretion will be most advantageous to the stockholders of the Seller. c. To pay over and distribute to the stockholders of Seller the net proceeds, if any realized by it from the sale and liquidation of the assets of the *243 Seller after the payment of its deposits and other liabilities, including the expenses of liquidation, and the payment to the Purchaser of reasonable compensation for its services hereunder * * *. Thereafter, on April 4, 1931, Commercial Trust Company conveyed its assets to the Marine Trust Company pursuant to the terms of the contract. On May 11, 1931, an order of the Supreme Court of the State of New York declared the business of Commercial Trust Company closed and the company ceased to do business and proceeded to wind up its affirs. The losses and deficits of the Commercial Trust Company during the years 1931 to 1937 were as set forth in the following table: Year ended
Dec. 31
Loss
Deficit
1931
$ 200,863.45
$1,303,952.43
1932
234,293.40
1,528,602.33
1933
464,088.81
2,071,446.92
1934
17,045.03
2,199,504.03
1935
18,706.49
2,312,267.08
1936
103,071.32
2,499,099.69
1937 (Final)
1,061,043.64
1,842,426.97
The Marine Trust Company continued the process of liquidation until February 7, 1938, when there was filed with the Supreme Court of the State of New York a petition for the dissolution of the Commercial Trust Company and with such petition was filed a *244 determination of the State Banking Department of the State of New York, dated February 4, 1938, stating that there were no assets of the Commercial Trust Company for stockholders. With such petition was filed an accounting of liquidation. Subsequent to the filing of this petition for dissolution certain stockholders attacked the accounting and litigation ensued. This litigation was determined adversely to the stockholders by the Supreme Court and the Court of Appeals of New York in 1940. Thereafter the accounts of the Marine Trust Company were approved and the Commercial Trust Company was ordered dissolved. The Commercial Share Corporation was incorporated on February 15, 1929 with a paid-in capital of $2,000,000 and immediately entered into the business of dealing in securities. It continued operations until January 1931 at which time it ceased to do business because of the large losses it had suffered. Thereafter it took steps to liquidate its affairs and its liabilities at all times largely exceeded its assets. The losses and deficits of the Commercial Share Corporation for the years 1931 to June 7, 1937 are as follows: Year ended
Dec. 31
Loss
Deficit
1931
$1,136,916.85
$2,597,204.80
1932
111,914.24
2,668,224.90
1933
9,584.16
2,669,390.72
1934
62.95
2,666,092.86
1935
3,908.51
2,668,851.37
1936
4,090.71
2,673,062.08
1937 to June 7
516,049.42
2,718,025.89
*245 On June 7, 1937, the Commercial Share Corporation was dissolved by order of the Supreme Court of the State of New York, pursuant to an order made in a proceeding entitled "In the Matter of the Voluntary Dissolution of Commercial Share Corporation of Buffalo." The result of the liquidation and dissolution was to pay the creditors in part and the stockholders received nothing. All of the assets of the Commercial Share Corporation prior to the date of dissolution had been disposed of except shares in the Commercial Trust Company which at that time had no value. The shares of stock in Commercial Trust Company and Commercial Share Corporation became worthless prior to the year 1940. Opinion ARUNDELL, Judge: Losses are deductible in the year sustained and in no other period. , certiorari denied, . There must, of course, be some identifiable event to fix the time, see , but when that occurs the deduction may not be delayed to a time when its suits the convenience of a taxpayer or at a period *246 when he may derive some tax benefit from the deduction. , certiorari denied, . The respondent has determined that the shares of Commercial Trust Company and Commercial Share Corporation became worthless prior to the year 1940 and the burden rests on petitioner to disprove this determination. The test is a practical one and not a legal one. . Both of these corporations were in every substantial way liquidated prior to the taxable year and it was obvious that there was nothing left for the stockholders. The Commercial Share Corporation had not only completed its liquidation, but was dissolved in 1937. The liquidation of the Commercial Trust Company had been completed by February 1938 and the State Banking Department of the State of New York issued its certificate at that time [and] there were no assets of Commercial Trust for distribution to the stockholders. The Commercial Trust Company would have been dissolved at this time but for the action of certain dissatisfied stockholders in commencing proceedings *247 questioning the accounts of the stewardship of the Marine Trust Company. Both the Supreme Court and the Court of Appeals of New York held there was no merit to these claims. Petitioner, nevertheless, bottoms his argument purely on the stockholders' litigation. He offers no testimony that the shares were not in fact worthless prior to 1940, as we believe the evidence clearly establishes they were. The determination of the respondent may not be overcome so easily, nor may losses be postponed because dissatisfied stockholders made unsupported claims. As we have stated, the test is a practical one and it is difficult to believe that anyone would not be aware of his losses prior to 1940 from the facts here present. Decision will be entered for the respondent.